{¶ 17} Bryant, P.J., concurring in part and dissenting inpart. I concur in the judgment only on the first assignment of error. However, I dissent in the second assignment of error for the following reason. Self claims that the trial court erred by not making a finding that the harm of the change of custody is outweighed by the benefits of that change. The statute in question states as follows.
The court shall not modify a prior decree allocating parentalrights and responsibilities for the care of children unless itfinds, based on facts that have arisen since the prior decree orthat were unknown to the court at the time of the prior decree,that a change has occurred in the circumstances of the child, thechild's residential parent, or either of the parents subject to ashared parenting decree, and that the modification is necessaryto serve the best interest of the child. In applying thesestandards, the court shall retain the residential parentdesignated by the prior decree or the prior shared parentingdecree, unless a modification is in the best interest of thechild and one of the following applies:
* * *
(iii) The harm likely to be caused by a change of environmentis outweighed by the advantages of the change of environment tothe child. R.C. 3109.04. The purpose of this requirement is to insure that the trial court recognizes that any change, no matter how beneficial, will have some negative effect on the child. The trial court is required to consider this negative effect and find that the benefits will outweigh the negative effect prior to changing the custody arrangement.
 {¶ 18} Although there is no prior decree directly naming the residential parent, Self was the residential parent originally due to R.C. 3109.042, which grants residential parent status to the unmarried mother of a child. In the nearly eight years between Chase's birth and the judgment entry naming Turner as residential parent, the parties had mutually worked out a custody arrangement without a court decree. The custody arrangement, including the statutory naming of Self as residential parent was recognized and ratified by the court in its prior order of support, which establishes the parental rights and responsibilities by identifying the obligee as the residential parent. At no time prior to March 4, 2005, did Turner formally object to the custody arrangement or ask to be named residential parent. Regardless of whether a court has initially issued a decree of custody or merely accepted the status quo established by the statute, the issue before the court is still a modification of the status of the child with his or her current residential parent and with attendant potential harm from such a change. By the court failing to determine whether the potential benefits of the change outweigh the potential harm, the intent of the statute, which is to protect the child, is not met. The lack of a specific decree alone should not be enough to ignore the potential harm that could occur to a child. For this reason, I respectfully dissent from the majority.